[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ARTICULATION
Pursuant to General Statutes §§ 60-1, 60-2 and 66-5 et seq., the appellant, Charissa Willette, moves for an articulation regarding this court's acceptance of her guilty plea under the Alford doctrine and imposition of sentence, pursuant to. The court has reviewed the file and the transcripts of the plea canvases held on September 28, 1999 and September 30, 1999 (transcripts attached hereto), and responds as follows:
 1. Did the trial court fully and completely explain to the Appellant the meaning and consequences of the Alford Plea?
 Yes. See September 28, 1999 transcript, p. 4-5 and September 30, 1999 transcript, p. 2-4.
 2. Did the Appellant understand the meaning of the Alford plea as it related to the factual basis of the crime for which she was charged?
CT Page 10739
 Yes. See September 28, 1999 transcript, p. 4 and September 30, 1999 transcript, 1999, p. 3.
 3. Did the trial court find Dr. Kenneth Selig's testimony to be credible for purposes of mitigation on behalf of the Appellant at the time of sentencing?
 No. The court was not impressed with Dr. Selig's conclusion and felt it lacked substantiation.
 4. Did the trial court find Dr. Merikangas report to be credible for purposes of mitigation on behalf of the Appellant at the time of sentencing?
 Yes. The court found Dr. Merikangas' report to be credible for purposes of mitigation to the extent that the victim's previous head injury was substantiated and indicated ongoing behavioral problems. However, the victim's condition did not lessen the severity of the behavior displayed by the appellant in stabbing him and causing his death.
 5. Did the trial court find the remainder of the evidence put forth in the Appellant's sentencing report credible for purposes of mitigation on behalf of the Appellant at the time of sentencing?
 Yes, partially. The court found the appellant's sentencing report to be slanted placing the blame significantly on the victim, although the only individual with a weapon was the appellant.
 6. If the answer to any of the above questions are "yes", was the particular evidence relevant to the trial court's determination regarding the Appellant's arguments for mitigation at the time of sentencing.
 The court appreciated the extensive sentencing memorandum provided by the appellant's counsel. The court found Dr. Merikangas' report to be thorough and to substantiate the victim's lengthy CT Page 10740 traumatic condition. Also, the sentencing memorandum provided the background of the relationship between the victim and the appellant. However, Dr. Selig' testimony did not ring true and the court did not place much value on it. The real mitigating factors were the appellant's age, lack of prior criminal record and the emotional climate preceding the stabbing.
 7. What was the factual and legal basis for the finding in question?
 Based upon the evidence presented, the court found that the appellant was a young woman with no prior record and that there was an emotional confrontation between herself and the victim prior to the stabbing. The court considered the fact that the appellant plead guilty, under the Alford Doctrine, to a substitute information charging her with manslaughter in the first degree. The court considered as well the reduction in the charge from murder.
GROGINS, J.